UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH R. SEXTION**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 19-129**

**JEFFERSON PARISH**                                                                **SECTION: "A"(3)**
**CORRECTIONAL CENTER, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff, Kenneth R. Sextion, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he claimed that excessive force was used against him, he was denied appropriate medical care, and he was falsely charged with resisting arrest and battery on an officer.

The Court issued an order scheduling a preliminary conference in this matter for July 11, 2019.[1] However, on June 26, 2019, the Court was notified that plaintiff was no longer incarcerated at the Jefferson Parish Correctional Center, his address of record. In light of that fact, the preliminary conference was canceled, and plaintiff was ordered to file a change of address with the Court on or before August 1, 2019.[2] To date, plaintiff has not notified the Court of his current address.

The defendants have now filed a motion requesting that the Court dismiss this civil action for lack of prosecution.[3] Plaintiff has filed no response to that motion. For the following reasons, the defendants' motion should be granted.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule

---

[1] Rec. Doc. 24.
[2] Rec. Doc. 25.
[3] Rec. Doc. 28.

11.1.  It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]  Further, on February 19, 2019, Chief Magistrate Judge Karen Wells Roby again expressly advised plaintiff that he must notify the Court in writing of his new address and telephone number if he was transferred or released from custody.[5]

Additionally, this Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.  More than thirty-five days ago, mail sent to plaintiff at the Jefferson Parish Correctional Center, his address of record, was returned by the United States Postal Service as undeliverable.[6]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte*

---

[4] Rec. Doc. 1, p. 6.
[5] Rec. Doc. 7.
[6] Rec. Doc. 26.  Subsequent mail to plaintiff was likewise returned as undeliverable.  Rec. Doc. 27.

whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him in order to schedule a preliminary conference or to otherwise advance his case on the docket. Accordingly, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion to dismiss for lack of prosecution be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___6th___ day of September, 2019.

*[signature]*

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**